. The cause came to a hearing before chancello? Thompson, who delivered the following decree:
_ This was for the purpose of recovering from the defendant one moiety of nine hundred dollars, The circumstances which led to this case were the following : — About the year 1800 or 1801, the complainant; John Hutchinson, together with one Samuel Stedman, employed the defendant, Robert Hutchinson, as their agent, to go to the state of Virginia, and purchase from a man of the name of Glass, a tract of land lying in Laurens district. That the said Robert Hutchinson accordingly went and made the purchase, but instead of taking the titles in the name of the complainant, which he ought to have done, he took them in his own name, for the avowed purpose, agreeable to his own declarations, to facilitate the division ,• entertaining no intention, thereby, to hold the said land, and exclude his brother, the complainant, from a participation -therein. The complainant made frequent applications for a division to defendant, after he had become a tenant in common with him, by purchasing and assuming upon himself the interest which Stedman had in the purchase : but Robert Hutchinson, although he did not pretend to deny that John Hutchinson had a right to one half of the .land, avoided by procrastination and equivocation making the division, until finally lie sold the laud to one Nicholls for the sum of nine hundred dollars.
The defendant contends first, — That John Hutchinson has no right to inforce a compliance of the contract from Robert Hutchinson, lie himself not having performed the part incumbent on him to perform, viz. the payment of his proportion of the purchase money. The court is of opinion that this point cannot in any wise affect this case ; but if it did, it has been sufficiently proven that John Hutchinson has paid and tendered the full amount thereof.
Secondly. — It is contended that the statute of limitations should prevail in this case : but it being evidently proven to the court, that Robert Hutchinson in the whole of this transaction, acted as trustee for John Iiutcliinsen, flic statute cannot prevail.
,-for complainant. Farrow for defendant There ivas no appeal from this decree.
Thirdly and lastly. — It is contended that this being a contract relative to lands, it is utterly null and void, without some memorandum in writing. To this point it is answered that defendant acknowledges the contract in his answer, and further that there has been partial performance thereof, which takes the case wholly out of the statute. The court is therefore of opinion, that the complainant has supported his claim, and is entitled to the redress he requires. It is therefore ordered and decreed that the complainant recover of the defendant one half of the amount for which the defendant sold the land to Nicholls, with interest thereon from the time the money has been received, deducting therefrom such arrears as may appear to the commissioner to be due from the complainant to defendant for his half of the original purchase money; and that defendant pay the costs of this Suit-.
W. THOMPSON.